HENRY C. BUNSOW (SBN 60707)
BunsowH@howrey.com
K.T. CHERIAN (SBN 133967)
CherianK@howrey.com
SCOTT WALES (SBN 179804)
WalesS@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

DON F. LIVORNESE (SBN 125934)
LivorneseD@howrey.com
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300

Attorneys for Plaintiff
PANAVISION IMAGING, LLC

FILED
2009 DEC 18 AM 11: 32
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANAVISION IMAGING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OMNIVISION TECHNOLOGIES, INC.,<br>CANON U.S.A., INC.,<br>MICRON TECHNOLOGY, INC.,<br>APTINA IMAGING CORPORATION,<br>AND APTINA, LLC<br><br>Defendants. | Case No. CV 09-1577 SJO (CTx)<br><br>**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

TO THE HONORABLE JUDGE OF SAID COURT:

     Plaintiff Panavision Imaging, LLC ("Panavision") for its Complaint against Defendants, Omnivision Technologies, Inc. ("Omnivision"), Canon U.S.A., Inc. ("Canon"), Micron Technology, Inc. ("Micron"), Aptina Imaging Corporation ("Aptina Imaging") and Aptina, LLC ("Aptina"), alleges:

## SUBJECT MATTER JURISDICTION

1.    This is an action arising under the patent laws of the United States. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## THE PARTIES

2.    Plaintiff Panavision is a limited liability company duly organized and existing under the laws of Delaware, having a place of business at 6219 De Soto Ave., Woodland Hills, CA 91367.

3.    Defendant Omnivision is a corporation duly organized and existing under the laws of Delaware, having a principal place of business at 4275 Burton Drive, Santa Clara, CA 95054. Omnivision's agent for service of process, registered with the California Secretary of State, is Xiao-Ying Shaw Hong, at 1341 Orleans Drive, Sunnyvale, CA 94089.

4.    Defendant Canon is a corporation duly organized and existing under the laws of New York, having a principal place of business at One Canon Plaza, Lake Success, NY 11042. Canon's agent for service of process, registered with the California Secretary of State, is CT Corporation System, at 818 West Seventh Street, Los Angeles, CA 90017.

5. Defendant Micron is a corporation duly organized and existing under the laws of Delaware, having a principal place of business at 8000 South Federal Way, Boise, ID 83716. Micron's agent for service of process, registered with the California Secretary of State, is CSC Lawyers Incorporating Service, at 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833.

6. Defendant Aptina is a subsidiary of Defendant Micron and is a corporation duly organized and existing under the laws of Delaware, having a principal place of business at 3080 North 1st Street, San Jose, CA 95134. On information and belief, Defendant Aptina Imaging was a corporation duly organized and existing under the laws of Delaware, and is now a Cayman Islands corporation, having a principal place of business at 3080 North 1st Street, San Jose, CA 95134. Aptina Imaging's and Aptina's agent for service of process, registered with the California Secretary of State, is CSC Lawyers Incorporating Service, at 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833.

## PERSONAL JURISDICTION

7. This Court has personal jurisdiction over Defendants in that Omnivision, Canon, Micron, Aptina Imaging, and Aptina (hereinafter "Defendants") have established sufficient minimum contacts with the forum. Each Defendant manufactures and/or assembles electronic products that are and have been used, offered for sale, sold, and/or purchased in California, including in this Judicial District. Each Defendant, directly and/or through its distribution network, places its image sensors within the stream of commerce, which stream is directed at this Judicial District. Jurisdiction over the Defendants in this matter is also proper inasmuch as they have voluntarily submitted themselves to the jurisdiction of the courts of this State by registering agents for service of process with the California Secretary of State. Therefore, the exercise of jurisdiction

3
AMENDED COMPLAINT FOR PATENT INFRINGEMENT

over said Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

8. Each of the Defendants do business in this district, including providing electronic products that are used, offered for sale, sold, and/or have been purchased in California and in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## FACTUAL ALLEGATIONS

9. United States Patent No. 6,818,877 ("the '877 patent"), entitled *Pre-charging a Wide Analog Bus for CMOS Image Sensors*, was duly and lawfully issued November 16, 2004. Panavision is the current owner of all rights, title, and interest in the '877 patent and has the right to sue for past damages. A true and correct copy of the '877 patent is attached hereto as Exhibit A.

10. United States Patent No. 6,633,029 ("the '029 patent"), entitled *Video Bus for High Speed Multi-resolution Imagers and Method Thereof*, was duly and lawfully issued October 14, 2003. Panavision is the current owner of all rights, title, and interest in the '029 patent and has the right to sue for past damages. A true and correct copy of the '029 patent is attached hereto as Exhibit B.

11. United States Patent No. 6,590,198 ("the '198 patent"), entitled *Video Bus for High Speed Multi-resolution Imagers*, was duly and lawfully issued July 8, 2003. Panavision is the current owner of all rights, title, and interest in the '198 patent and has the right to sue for past damages. A true and correct copy of the '198 patent is attached hereto as Exhibit C.

12. United States Patent No. 7,057,150 ("the '150 patent"), entitled *Solid State Imager with Reduced Number of Transistors per Pixel*, was duly and lawfully issued June 6, 2006. Panavision is the current owner of all rights, title, and interest in the '150 patent and has the right to sue for past damages. A true and correct copy of the '150 patent is attached hereto as Exhibit D.

## FIRST COUNT
### (Infringement of the '877 patent)

13. Panavision incorporates by reference the allegations set forth in Paragraphs 1-12 of this Complaint as though fully set forth herein.

14. Each of the Defendants has infringed and is infringing the '877 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products—including image sensors—that embody the inventions patented within the '877 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

15. Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '877 patent unless enjoined by this Court.

16. Upon information and belief, Defendants' infringement of the '877 patent is willful, entitling Panavision to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

17. Defendants' acts of infringement have caused damage to Panavision and Panavision is entitled to recover from Defendants the damages sustained by Panavision as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' acts of infringement will continue to damage Panavision, causing

irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## SECOND COUNT

### (Infringement of the '029 patent)

18. Panavision incorporates by reference the allegations set forth in Paragraphs 1-17 of this Complaint as though fully set forth herein.

19. Defendants Canon and Omnivision have infringed and are infringing the '029 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products—including image sensors—that embody the inventions patented within the '029 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

20. Upon information and belief, Canon and Omnivision will continue to directly infringe, induce infringement and/or contribute to the infringement of the '029 patent unless enjoined by this Court.

21. Upon information and belief, Canon's and Omnivision's infringement of the '029 patent is willful, entitling Panavision to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

22. Canon's and Omnivision's acts of infringement have caused damage to Panavision and Panavision is entitled to recover from Canon and Omnivision the damages sustained by Panavision as a result of Canon's and Omnivision's wrongful acts in an amount subject to proof at trial. Canon's and Omnivision's acts of infringement will continue to damage Panavision, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

# THIRD COUNT

## (Infringement of the '198 patent)

23. Panavision incorporates by reference the allegations set forth in Paragraphs 1-22 of this Complaint as though fully set forth herein.

24. Defendants Micron, Aptina and Aptina Imaging have infringed and are infringing the '198 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products—including image sensors—that embody the inventions patented within the '198 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

25. Upon information and belief, Micron, Aptina, and Aptina Imaging will continue to directly infringe, induce infringement and/or contribute to the infringement of the '198 patent unless enjoined by this Court.

26. Upon information and belief, Micron's, Aptina's, and Aptina Imaging's infringement of the '198 patent is willful, entitling Panavision to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

27. Micron's, Aptina's, and Aptina Imaging's acts of infringement have caused damage to Panavision and Panavision is entitled to recover from Micron, Aptina, and Aptina Imaging the damages sustained by Panavision as a result of Micron's, Aptina's, and Aptina Imaging's wrongful acts in an amount subject to proof at trial. Micron's, Aptina's, and Aptina Imaging's acts of infringement will continue to damage Panavision, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## FOURTH COUNT

### (Infringement of the '150 patent)

28. Panavision incorporates by reference the allegations set forth in Paragraphs 1-27 of this Complaint as though fully set forth herein.

29. Defendants Canon and Omnivision have infringed and are infringing the '150 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products—including image sensors—that embody the inventions patented within the '150 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

30. Upon information and belief, Canon and Omnivision will continue to directly infringe, induce infringement and/or contribute to the infringement of the '150 patent unless enjoined by this Court.

31. Upon information and belief, Canon's and Omnivision's infringement of the '150 patent is willful, entitling Panavision to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

32. Canon's and Omnivision's acts of infringement have caused damage to Panavision and Panavision is entitled to recover from Canon and Omnivision the damages sustained by Panavision as a result of Canon's and Omnivision's wrongful acts in an amount subject to proof at trial. Canon's and Omnivision's acts of infringement will continue to damage Panavision, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Panavision prays for judgment and seeks relief against Defendants as follows:

(a) For judgment that the '877 patent has been and/or continues to be infringed by each of the Defendants;

(b) For judgment that the '029 patent has been and/or continues to be infringed by Canon and Omnivision;

(c) For judgment that the '198 patent has been and/or continues to be infringed by Micron, Aptina, and Aptina Imaging;

(d) For judgment that the '150 patent has been and/or continues to be infringed by Canon and Omnivision;

(e) For an accounting of all damages sustained by Panavision as the result of Defendants' acts of infringement;

(f) For preliminary and permanent injunctions enjoining the aforesaid acts of infringement by Defendants, their officers, agents, servants, employees, subsidiaries, successors, assigns, and all other persons acting in concert or participation with any of the Defendants, including related individuals and entities, customers, representatives, dealers, distributors, and importers;

(g) For actual damages together with prejudgment interest;

(h) For enhanced damages pursuant to 35 U.S.C. § 284;

(i) For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

AMENDED COMPLAINT FOR PATENT INFRINGEMENT

.LP

DM US:22932843 1

(j)  For all costs of suit; and

(k)  For such other and further relief as the Court may deem just and proper.

DATED: November 18, 2009          HOWREY LLP

By: _____
       Emily L. Maxwell

Attorney for Plaintiff
PANAVISION IMAGING, LLC

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff Panavision demands a trial by jury of this action.

DATED: November 18, 2009

HOWREY LLP

By: _____
Emily L. Maxwell

Attorney for Plaintiff
PANAVISION IMAGING, LLC

11
AMENDED COMPLAINT FOR PATENT INFRINGEMENT

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 550 South Hope Street, Suite 1100, Los Angeles, California 90071.

On December 18, 2009, I served on the interested parties in said action the within:

AMENDED COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL

by placing a true copy thereof in a sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California.

Ron E. Shulman, Esq.
James C. Yoon, Esq.
Jennifer A. Ochs, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
Email: jyoon@wsgr.com

Seth E. Freilich, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa St., Suite 3200
Los Angeles, CA 90017
Email: sfreilich@orrick.com

Joseph Calvaruso
Rodger Andrew Sadler, Esq.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
Email : jcalvaruso@orrick.com

Jared Bobrow, Esq.
Jessica L. Davis, Esq.
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1175
Email : jessica.davis@weil.com
    jared.bobrow@weil.com

[X] (OVERNIGHT DELIVERY) by depositing in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivering to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for and causing such envelope(s) to be delivered by said express service carrier.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on December 18, 2009, at Los Angeles, California.

_____           _Yvonne A Kubicek_ (signature)
    Yvonne Kubicek
    (Type or print name)                    (Signature)

Case No. CV 09-1577 SJO (CTx)           -1-
PROOF OF SERVICE