### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES--GENERAL

**Case No.:** CV 09-1577-SJO(CTx)                **Date: January 12, 2010**

**Title:**    PANAVISION IMAGING, LLC v. OMNIVISION TECHNOLOGIES, et al.
================================================================
**DOCKET ENTRY:**
================================================================
**PRESENT:**        Hon. **CAROLYN TURCHIN, MAGISTRATE JUDGE**

                        Deborah Malone          _____
                        Deputy Clerk                Court Reporter

        ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:
                None present                            None present

---

**PROCEEDINGS:**    (ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S
                    MOTION FOR AN ORDER ESTABLISHING ELEMENTS OR TO COMPEL
                    AND FOR SANCTIONS; (2) DENYING PLAINTIFF'S
                    ADMINISTRATIVE APPLICATION TO FILE UNDER SEAL; AND,
                    (3) TAKING FEBRUARY 1, 2010 HEARING OFF CALENDAR)

        The court has received plaintiff Panavision Imaging's
("Panavision's") motion relating to defendant Canon U.S.A., Inc.'s
("Canon's") N.D. Cal. Patent Local Rule 3-4(a) disclosures.[1]
Panavision also seeks to file portions of its supporting
documentation under seal.

        Essentially, Panavision contends it has established with
sufficient specificity, given the stage of the litigation, that it
has reason to believe _all_ of Canon's "CMOS image sensors" infringe
certain of Panavision's patents, obliging Canon to produce Patent
L.R. 3-4(a) documentation for all of those sensors.[2] Canon disagrees,
and argues that it has produced the requested information for all of
its CMOS image sensors that Panavision properly identified and for
all reasonably related CMOS image sensors.

        For the reasons set forth below, the motion to compel is **DENIED
in its entirety** without prejudice and the hearing set for February 1,

---

        [1] As suggested by the district judge, the parties have
agreed to use the N.D. Cal. Patent Local Rules in this matter.
(_See_ Docket No. 4 and Joint Stipulation.)

        [2] In the alternative, Panavision asks the court to issue an
order deeming the elements of the asserted patent claims
established. Even were this court to find Panavision had
adequately established its entitlement to Patent L.R. 3-4(a)
discovery with respect to all of Canon's CMOS image sensors, the
nature and history of this dispute do not compel such a drastic
remedy.

2010, is taken **OFF CALENDAR**.  The application to file under seal is, therefore, likewise **DENIED** and the clerk of this court is instructed to return the lodged materials to counsel for Panavision.

The submission is not in true joint stipulation format. The joint stipulation required by Local Rule 37-2 is to contain each litigant's position as to the following: (1) introductory statement; and, (2) issues. *With respect to each issue*, the moving litigant's contention together with applicable points and authorities should be followed by the opposing litigant's.  See L.R. 37-2.1.

In this case, it appears to the magistrate judge that the litigants simply stapled their points and authorities together because, while the litigants address the same general issues, in multiple instances they fail to address the specific issues raised by the opposing litigant.  This wastes court resources.

In any future joint stipulation, the litigants **shall group their disputes by issue**. An issue in this case might be, *by way of example only*, "What showing/level of specificity is required in a Patent L.R. 3-1(c) chart when a patent claimant seeks to identify an accused instrumentality by example rather than by specific name or model number, and has Panavision has identified Canon's products with sufficient specificity?"  Another issue might be, "If Panavision has not established that all of Canon's CMOS sensors are accused instrumentalities and subject to disclosure under Patent L.R. 3-4(a), is Panavision nonetheless entitled to discovery of information about those of Canon's CMOS sensors not listed in Panavision's 3-1 charts under traditional discovery principles?"

In any event, the court tentatively finds and rules that *at this time*, notwithstanding Panavision's contentions, Panavision's Patent L.R. 3-1(c)[3] chart and its submissions filed in support of this motion do not provide this court with information that is "'sufficient to permit a reasonable inference that <u>all</u> accused products infringe.'"  <u>Renesas Technology Corp. v. Nanya Technology Corp.</u>, 2005 WL 1000926, *4 (N.D.Cal.) (quoting <u>Antonius v. Spaulding & Evenflo Cos.</u>, 275 F.3d 1066, 1075 (Fed. Cir. 2002) (emphasis added). Nor has Panasonic established, based upon the materials presently before the court, that information about any of Canon's sensors, beyond what has been produced, is relevant under traditional discovery principles. See, e.g., <u>Samsung SDI Co., Ltd. v. Matsushita Elec. Indus. Co., Ltd.</u>,2007 WL 4302701, *3 (C.D. Cal.).

---

[3] N.D. Cal. Local Patent Rule 3-1 states that a party shall identify each accused apparatus, product, device, process, method, act or other instrumentality "of which the party is aware." N.D. Cal. Pat. L.R. 3-1. The rule further states that "[e]ach product, device, and apparatus must be identified by name or model number, if known." N.D. Cal. Pat. L.R. 3-1.

The parties are reminded that the March 5, 2010 discovery cut-off is rapidly approaching. The magistrate judge will not change the district judge's scheduling order. Twenty-one days notice is required for any future discovery motion.  In any future discovery dispute, the parties are instructed to submit courtesy copies to the clerk of this court, Deborah Malone, at room 181L of the Roybal Federal Building, when the submission is electronically filed.


**IT IS SO ORDERED.**

cc:  Judge Otero

Brett Jackson, Esq.
Henry C. Bunsow, Esq.
K.T. Cherian, Esq.
Robert Scott Wales, Esq.
Howrey LLP
525 Market Street Suite 3600
San Francisco, CA 94105

Don F. Livornese
Howrey LLP
550 S. Hope Street, Suite 1100
Los Angeles, CA 90071

James C. Yoon, Esq.
Jennifer Ann Ochs, Esq.
Ron E. Shulman, Esq.
Wilson, Sonsini, Goodrich & Rosati, Esq.
650 Page Mill Rd.
Palo Alto, CA 94304-1050

Joseph A. Calvaruso, Esq.
Richard F. Martinelli, Esq.
Rodger A. Sadler, Esq.
Seth E. Freilich, Esq.
Orrick Herrington & Sutcliffe, LLP
666 Fifth Avenue
New York, NY 10103

Jessica Lynn Davis, Esq.
Weil Gotshal & Manges
201 Redwood Shores Parkway
Redwood Shores, CA 94065

**MINUTES FORM 11**                                   Initials of Deputy Clerk_____
**CIVIL-GEN**