UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANAVISION IMAGING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> OMNIVISION TECHNOLOGIES, INC., CANON U.S.A., INC., MICRON TECHNOLOGY, INC., AND APTINA IMAGING CORPORATION, <br><br> Defendants. | NO. CV 09-1577-DMG(CTx) <br><br> ORDER: (1) GRANTING IN PART AND DENYING IN PART, WITHOUT PREJUDICE, PANAVISION IMAGING'S MOTION TO COMPEL CANON USA TO PRODUCE DOCUMENTS AND RESPOND TO INTERROGATORIES; (2) DENYING REQUEST FOR SANCTIONS; AND, (3) TAKING MARCH 22, 2010 HEARING OFF CALENDAR |

This case is set for trial before the Honorable Dolly M. Gee, United States District Judge. Trial is scheduled for July 6, 2010. The fact-discovery cutoff will be seven weeks after the district judge issues a Markman decision. (See Docket No. 117.)

For the reasons discussed below, the court finds that plaintiff Panavision LLC's 's ("Panavision's") motion to compel should be granted in part and denied in part. The court further finds this matter appropriate for decision without oral argument. See Fed.R.Civ.P. 78; L.R. 7-15.

////

## BACKGROUND

This underlying lawsuit centers on allegations of patent infringement.

Panavision alleges that it owns all right, title, and interest in United States Patent Nos. 6,818,877 ("the '877 patent"), 6,633,029 ("the '029 patent"), 6,590,198 ("the '198 patent"), and 7,057,150 ("the '150 patent") (collectively, "the patents-in-issue"). (See First Amended Complaint, "FAC," ¶¶9-12; docket no. 120.) Relevant to this discovery dispute, Panavision claims that all of defendant Canon LLC's ("Canon's") "CMOS image sensors" incorporated into its U.S. products since 2003 infringe the patents-in-issue. (See FAC ¶¶ 14, 19, 29.)[1]

## THE CURRENT DISCOVERY DISPUTE

As suggested by the district judge assigned to this matter assigned this matter in the Central District of California prior to its transfer to Judge Gee, the parties have agreed to use the N.D. Cal. Patent Local Rules ("Patent Local Rules") in this matter. (See docket no. 4 and Joint Stipulation, "JS".)

Panavision has filed a motion to compel Canon to supplement its Patent Local Rule ("P.R.") 3-4(a) disclosures and other discovery responses. Panavision seeks, first, to compel Canon to supplement its responses to its interrogatory numbers 1, 6, 7, 9, and 13 to provide responsive information regarding each of Canon's

---

[1] It appears Panavision initially sought discovery relating to CMOS image sensors from March 2001 to the present; Canon has agreed to disclose information from March 2003 onward. (See, e.g., Joint Stipulation at 53.)

2

CMOS image sensors incorporated into products sold in the U.S. since 2003. (See proposed order, docket no. 143-1.) Panavision also seeks to compel Canon to produce, for each CMOS image sensor incorporated into Canon products sold within the U.S. since 2003, (a) complete schematics, including the file names and folder paths of each of these schematics as well as specific module names; (b) technical spreadsheets; and (c) financial data, including sales quantity, sales revenue, and profit information organized by item code and item description for all products incorporating a CMOS image sensor since 2003. (Id.)

The parties ultimately submitted a joint stipulation that minimally complies with the requirements of Local Rule 37. The parties broadly dispute[2]:

- Whether Panavision properly identified all of Canon's CMOS image sensors as "accused instrumentalities" in its Patent Local Rule ("P.R.") 3-1(c) charts ("claim charts") by detailing the infringement claims against several reverse-engineered examples, thus obliging Canon to produce specified information about all of its CMOS image sensors in accordance with the Patent Local Rules (Disputed Issues A and B);
- Whether, if Panavision is not entitled to this discovery under the Patent Local Rules, it is entitled to obtain this and

---

[2] The joint stipulation argues the issues in dispute too broadly, in fact, making it difficult for the court to discern the specifics of the relief requested for each disputed issue. The relief requested should have been addressed in the joint stipulation, with an explanation as to how each item of requested relief relates precisely to each disputed issue.

3

additional information under traditional discovery principles (Disputed Issue C-E); and,

- Whether requiring any additional disclosures by Canon would be unfairly prejudicial (Disputed Issue F).

A. **Patent Local Rule 3-1(c) Disclosures**

   **(Disputed Issues A and B)**

The first broad issue before the court is whether Panavision provided sufficient evidence in its P.R. 3-1 claims charts to oblige Canon to produce P.R. 3-4 information for all of its CMOS image sensors incorporated into United States products from 2003 to the present.

Patent Local Rule 3-1 provides that a patent claimant, such as plaintiff Panavision, must make patent infringement contentions early in a litigation and, as to each asserted claim, provide a claim chart that "separately" and "as specific[ally] as possible" identifies each "accused instrumentality." See P.R. 3-1. This charting process is essentially a discovery device, "intended to streamline the discovery process by 'tak[ing] the place of a series of interrogatories that defendants would likely have propounded.'" Renesas Technology Corp v. Nanya Technology Corp., 2004 WL 2600466 (N.D. Cal.) (citations omitted). And, in response, the defendant must produce, as relevant, source codes, specifications, schematics, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an accused instrumentality charted by the plaintiff. See P.R. 3-4. Here, Panavision seeks schematics and spreadsheets. (See docket no. 143-1.)

1 Because the information required to make an appropriately
2 detailed claim chart may be solely in the possession of the alleged
3 infringer, however, in some circumstances a plaintiff may be
4 allowed to provide P.R. infringement contentions and claim charts
5 for reverse-engineered "examples" of accused products, rather than
6 providing separate claim charts for each and every distinct accused
7 product. E.g., Renesas I, 2004 WL 2600466 (Nov. 10, 2004,
8 N.D.Cal.). This would, then, entitle the plaintiff to P.R. 3.4
9 disclosures relating to all accused instrumentalities, including
10 those not specifically reverse engineered. See id.
11 In identifying the accused instrumentalities by representative
12 example, a plaintiff and its experts must not make "shotgun
13 accusations," but instead must use all the publically available
14 information and reverse engineering data to accuse only those
15 products that it has determined are "reasonably similar" to its
16 own. See MOSAID v. Micron, et al., CV-06-302-DF (Jan. 29, 2008,
17 E.D.Tex.) (requiring disclosures based upon reverse engineered
18 example and declaration of expert). The information provided must
19 be "sufficient to permit a reasonable inference that all accused
20 products infringe." Renesas at *4. In other words, the plaintiff
21 must show that the accused products for which it has provided claim
22 charts "are in fact representative" of the accused products that
23 were not charted by, for example, showing that the accused products
24 share the same or substantially the same infringing circuitry as
25 the other products. Bender v. Advanced Micro Devices, Inc., 2010
26 WL 363341 (Feb. 1, 2010, N.D.Cal.)
27 To make such a showing, a plaintiff generally must provide a
28

declaration of an expert showing why it believes the accused instrumentalities that were <u>not</u> reverse engineered vary from those that <u>were</u> in only non-material ways. E.g., Renesas, 2004 WL 2600466 *4 (finding that plaintiff had made the required showing when it established that the circuitry remained the same between versions "a" and "b" of the accused products and that, because of that, it's expert anticipated that version "c" of the accused product would vary only in "minor ways").

In marginal cases, however, the court generally favors discovery. See STMicroelectronics, Inc. v. Motorola, Inc., 308 F.Supp.2d 754, 756 (E.D.Tex. 2004).

This is just such a marginal case. Under the generous federal discovery standards, the court finds that Panavision has provided sufficient information to support an inference that all of Canon's CMOS image sensors incorporated into U.S. products since March 2003 infringe the patents-in-issue for purposes of the patent local rules. Specifically, Panavision reverse engineered five samples of Canon's CMOS image sensors; reviewed information publically available on Canon's website; and sought expert review of the reverse-engineered examples and the patents-in-issue. (See Declaration of David L. Taylor ("Taylor Decla.") in Support of Panavision's Motion to Compel, at 2, attached as exhibit 5 to Declaration of John D. Hamann ("Hamann Decla.") in Support of Panavision's Motion to Compel.) Panavision's expert opined that, based upon his experience, once the type of circuitry at issue has been "designed, produced and tested," the relevant features are not likely to vary within a product family, and that there is,

6

furthermore, a "substantial likelihood" that Canon's CMOS image sensors that were not reverse engineered infringe the patents-in-issue. (Id.) This showing is minimally sufficient under relevant legal standards. E.g., Renesas, 2004 WL 2600466 *4.

Accordingly, because broad disclosure is generally preferred, the court will order Canon to provide the requested P.R. 3.4 disclosures.[3]

### B. Fed. R. Civ. P. 26 Discovery

#### (Disputed Issues C-F)

Panavision next contends it is entitled under Fed. R. Civ. P. 26 to discover information relating to those CMOS image sensors that were not reverse engineered or specifically identified on its claim charts. In the contested requests, Panavision seeks research and development and schematics information, (see Panavision's requests for production of documents nos. 4, 5, and 7, and interrogatory nos. 1, 6, 8, and 9), parallel to the P.R. 3-4 disclosures discussed above, and financial (i.e., damages) information (see request for production of document nos. 66, 67, and 68, and interrogatory no. 13), relating to Canon's CMOS image sensors incorporated into products sold in the United States since March 2003.[4]

Canon contends that it would be unfairly prejudiced if required to make any additional disclosures.

---

[3] Furthermore, the court observes that there is a broad protective order in place in this action. (See docket no. 133.)

[4] See Hamann Decla., exhibits 14, 16, 18, 20. It is uncontested that Canon produced this information as it pertains to the CMOS image sensors that were specifically claim charted.

In general, the parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party involved in the pending action. Fed. R. Civ. P. 26(b)(1). Given that Panavision made only a minimally sufficient showing that those CMOS image sensors not reverse engineered may infringe the patents-in-issue, however, the court finds it would be unfairly prejudicial to require Canon to produce the requested <u>financial</u> information sought pursuant to request for production nos. 66, 67, 68, and interrogatory no. 13, relating to those sensors at this time. <u>See</u> Fed. R. Civ. P. 26(b)(2)(C)(iii). This portion of the ruling is made without prejudice to Panavision renewing its request for damages information after Canon has made the required P.R. 3.4 disclosures and provided that Panavision is then able to establish the importance of the discovery in resolving the issue in dispute. <u>See id</u>.

The court finds, on the other hand, that on balance Canon has failed to establish it would be unduly burdensome to require disclosure of research and development and schematics information for those CMOS image sensors incorporated into its U.S. products since March 2003, which requests appear primarily to clarify the specific materials and manner of production for the information contemplated by P.R. 3-4, given that Panavision has adduced sufficient evidence to support an inference that all of Canon's CMOS image sensors infringe the patents-in-issue.

Consequently, the court will deny Panavision's request for an order compelling Canon to supplement its discovery responses to provide additional financial disclosures, and otherwise grant its

request for supplemental disclosures.

C. **Sanctions**

Finally, Panavision seeks monetary sanctions including Panavisions fees and costs associated with this motion. The court finds that sanctions are not warranted at this time. <u>See</u> Fed. R. Civ. P. 37(a)(5).

**ORDER**

The magistrate judge has carefully considered the joint stipulation and the declarations and documents filed in support of an in opposition to Panavision's motion. For the reasons set forth in the memorandum and order, Panavision's motion is **GRANTED** and is otherwise **DENIED**, as follows:

1. Panavision's request for an order compelling Canon to produce complete schematics, including the file names and folder paths of each of these schematics as well as specific module names for each of Canon's CMOS image sensors incorporated into products sold within the U.S. since March 2003 is **GRANTED**;

2. Panavision's request for an order compelling Canon to produce technical "specsheets" for each of Canon's CMOS image sensors incorporated into products sold within the U.S. since March 2003 is **GRANTED**;

3. Panavision's request that Canon be compelled to produce financial data, including sales quantity, sales revenue, and profit information organized by item code and item description for all products incorporating a Canon CMOS image sensor since 2003 is **DENIED without prejudice** as set forth in the memorandum;

1 | 4. Panavision's request that Canon supplement its responses to
2 | interrogatory nos. 1, 6, 7, and 9 to provide responsive
3 | information for reach of Canon's CMOS image sensors
4 | incorporated into products sold in the U.S. since 2003 is
5 | **GRANTED**;
6 | 5. Panavision's request that Canon supplement its responses to
7 | interrogatory no. 13 to provide responsive information for
8 | each of Canon's CMOS image sensors incorporated into products
9 | sold in the U.S. since 2003 is **DENIED without prejudice** as set
10 | forth in the memorandum;
11 | 6. Panavision's request for sanctions is **DENIED**.
12 | To the extent there are any ambiguities between the between
13 | language in the body of the memorandum and the order, the order
14 | controls.
15 | To the extent any information responsive to this order has
16 | already been produced, it need not be produced again.
17 | Either party may file a request for review and reconsideration
18 | and objections **with the district judge** within 14 days of service of
19 | this order. See Local Rule 72(a); Fed.R.Civ.P. 6(a).
20 | **The ordered disclosures shall be made no later than 28 days**
21 | **after the issuance of this order.** All disclosures in this matter
22 | are subject to the protective order issued by the previously
23 | assigned district judge, unless modified by Judge Gee. This order
24 | is stayed if such a motion for reconsideration and objections is
25 | ////
26 | ////
27 | ////
28 |

| | |
|---|---|
| 1 | filed until further order of the district judge. |
| 2 | **The hearing previously set for March 22, 2010, is taken off** |
| 3 | **calendar.** |
| 4 | DATED: March 15, 2010 |
| 5 | CAROLYN TURCHIN<br>UNITED STATES MAGISTRATE JUDGE |
| 6 | cc: Judge Gee |
| 7 | Brett Jackson, Esq.<br>Henry C. Bunsow, Esq. |
| 8 | K.T. Cherian, Esq.<br>Emily L. Maxwell, Esq. |
| 9 | John David Hamann, Esq.<br>Robert Scott Wales, Esq. |
| 10 | Robert M. Harkins, Esq.<br>Scott William Kanalakis, Esq. |
| 11 | Howrey LLP<br>525 Market Street Suite 3600 |
| 12 | San Francisco, CA 94105 |
| 13 | Don F. Livornese, Esq.<br>Howrey LLP |
| 14 | 550 S. Hope Street, Suite 1100<br>Los Angeles, CA 90071 |
| 15 | |
| 16 | James C. Yoon, Esq.<br>Ron E. Shulman, Esq. |
| 17 | Wilson, Sonsini, Goodrich & Rosati, Esq.<br>650 Page Mill Rd.<br>Palo Alto, CA 94304-1050 |
| 18 | |
| 19 | Joseph A. Calvaruso, Esq.<br>Richard F. Martinelli, Esq. |
| 20 | Rodger A. Sadler, Esq.<br>Orrick Herrington & Sutcliffe, LLP |
| 21 | 666 Fifth Avenue<br>New York, NY 10103 |
| 22 | Mark P. Wine, Esq. |
| 23 | Orrick Herrington & Sutcliffe LLP<br>4 Park Plaza, Suite 1600 |
| 24 | Irvine, CA 92614-2558 |
| 25 | Seth E. Freilich, Esq.<br>Orrick, Herrington, Sutcliffe |
| 26 | 777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017 |
| 27 | Jessica Lynn Davis, Esq.<br>Jared Ben Bobrow, Esq. |
| 28 | |

|    |                                                                                         |
|----|-----------------------------------------------------------------------------------------|
| 1  | Parker C. Ankrum, Esq.                                                                  |
|    | Weil Gotshal & Manges                                                                   |
| 2  | 201 Redwood Shores Parkway                                                              |
|    | Redwood Shores, CA 94065                                                                |
| 3  |                                                                                         |
|    | Joshua M. Masur, Esq.                                                                   |
| 4  | Turner Boyd, LLP                                                                        |
|    | 2625 Middlefield Road, Suite 675                                                        |
| 5  | Palo Alto, CA 94306                                                                     |